MOISE, Justice.
The defendant is appealing .suspensively from a judgment of conviction and sentence under a bill of information charging him with having violated the Local Option Ordinance of The Police Jury of Winn Parish. He was sentenced to imprisonment for a period of 5 months and fined $500.00.
The bill of information was filed on June 27, 1949. On July 15, 1949, counsel for the accused filed a motion that the trial judge recuse himself, and that the motion to recuse be tried by another judge. The motion to recuse was denied. The case went to trial and the accused was found guilty as charged. A motion for a new trial was overruled.
The transcript of the record does not' contain the written motion to recuse, nor does it show the evidence and testimony submitted on the trial of the motion to recuse.
At the time this case was set for argument and the record filed in this Court, defendant filed a motion for a continuance and order to remand for completion of the transcript of appeal. The case was submitted and the defendant was granted permission to amplify the record, as well as *417 time in which to file a typewritten brief. Our Clerk’s office used every endeavor to obtain the amplification of the record without avail. On April 13, 1950, he received a letter from defendant’s attorney which, in part, reads:
“I have decided to submit the case of State against Frank Scott, appealed from the Parish of Winn, on the record as it stands, * * * No brief will be filed on behalf of the defendant under the circumstances, but I wish the Court to know that the right granted the defendant to file a typewritten brief was appreciated.”
The appellant having been granted time to amplify and complete the transcript in compliance with the provisions of Act No. 234 of 1932, and having failed to do so, the appeal should be dismissed. Smith v. Atkins, 215 La. 310, 40 So.2d 475.
For the reasons assigned, the appeal is dismissed.